IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE STATE OF COLORADO

Case No. 14-cv-01483-RM-MJW

CANDICE ZAMORA BRIDGERS,

    Plaintiff,

vs.

CITY OF COLORADO SPRINGS, by and through
its CITY COUNCIL, the governing body for the City of
Colorado Springs;
KARA SKINNER, Chief Financial Officer for the City of
Colorado Springs;
MICHAEL SULLIVAN, Human Resource Director; and
JOHN DOES 1 - 3,

    Defendants.

---

### PROTECTIVE ORDER (Docket No. 42-1)

Upon consideration of the parties' Motion for Entry of Stipulated Protective Order, and it appearing to the Court that sufficient cause exists under F.R.C.P. 26(c) for the issuance of a Protective Order, it is ORDERED as follows:

This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

1.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates personnel information, trade secret information, information that implicates a privacy right, information protected by privacy statute or protected under common law, and other recognized protections of Defendants' current or former employees or the Plaintiff and confidential and proprietary business information. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case. By production of documents that have been designated as confidential or by providing testimony pursuant to this Order, the parties do not waive, but rather expressly reserve any and all legal rights, obligations, privileges, or immunities applicable to such documents and any corresponding testimony.

3. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   (A) attorneys actively working on this case;

   (B) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (C) the parties, and designated representatives for the entity defendant;

   (D) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   (E) the Court and its employees ("Court Personnel");

   (F) stenographic reporters who are engaged in proceedings necessarily

                incident to the conduct of this action;

(G)    deponents, witnesses, or potential witnesses;

(H)    persons who will make or assist in making decisions on the case resolution and settlement; and

(I)    other persons by written agreement of the parties.

4.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel.

5.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Matters that include, *inter alia*, interrogatory answers, responses to requests for admission, deposition transcripts, videotapes, exhibits, pleadings, motions, affidavits and briefs that quote, summarize or contain Confidential Information, must also be stamped or marked accordingly. The designation of confidentiality provided for in this Order does not expand the basis for any claim of confidential, proprietary information or privilege, but is a mechanism for making and expediting the exchange or production of documents and things that would, or could, be classified as documents and things entitled to protection pursuant to statute or case law.

6.    Prior to designating any information as CONFIDENTIAL under this Protective Order, counsel for the producing party shall review the information to be disclosed and designate the information it believes in good-faith is CONFIDENTIAL or otherwise entitled to protection.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Any pleadings, exhibits or filings which contain CONFIDENTIAL information, or testimony designated as CONFIDENTIAL, shall be filed under ~~seal~~ Restricted Access with the Court in

MJW 11-6-14

accordance with D.C.COLO.LCivR 7.2 and the Court's "Electronic Case Filing Procedures for the District of Colorado." Prior to disclosure at trial or a hearing regarding CONFIDENTIAL information, the parties may seek further protections against public disclosure from the Court.

10. Inadvertent failure to designate any document or material as Confidential will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within ten (10) business days after discovery of the inadvertent failure.

11. The inadvertent or unintentional production of documents or information containing, or other disclosure of, privileged information or information constituting attorney work product shall not be deemed a waiver in whole or in part of a party's claim of privilege or work product protection, either as to the specific document or information disclosed or as to any other document or information relating to it or on the same or a related subject matter. Each party shall return documents or other information with respect to which another party asserts a claim of privilege in writing or on the record. Upon receiving a notice of such a claim as to specific documents or information, the returning party shall return the documents or information within five (5) calendar days regardless of whether the returning party agrees or disagrees with the claim of privilege. Under Rule 502(d) of the Federal Rules of Evidence, the privilege or protection is not waived by disclosure connected with the litigation pending before this Court, and the disclosure is also not a waiver in any other Federal or State proceeding.

12. The provisions of this Order (and any supplements, amendments or modifications thereof) concerning the use and disclosure of Confidential Information and otherwise safeguarding the confidentiality of Confidential Information of the parties shall continue in effect after the conclusion of this action.

Nothing contained in this Order shall affect the rights, if any, of either party to make any other type of objection, claim or other response to any subsequent discovery, request, subpoena, or any question at a deposition, nor shall this Order be construed as a waiver by either party of any legally cognizable privilege to withhold any document or information, or of any right which such party may have to assert such privilege at any stage of the proceedings.

13. Within 30 days of the conclusion of this action including appeals therefrom, all information designated as Confidential Information within the meaning of this Order, and each copy, summary or excerpt thereof, shall be returned to the designating party or to its counsel. As an alternative, counsel may agree in writing to destroy all copies of such confidential information. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit or signed declaration confirming the destruction.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: November 6TH, 2014.

BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO